UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ENRIQUE TOJXITUMUL, | Case No.  1:26-cv-04431-JLT-CDB (HC) |
| Petitioner, | ORDER FOR RESPONDENTS TO LODGE AUDIO RECORDING OF CUSTODY REDETERMINATION HEARING |
| v. | |
| WARDEN OF THE MESA VERDE DETENTION FACILITY, *et al.*, | (Doc. 11) |
| Respondents. | **7-DAY DEADLINE** |

**Background**

On June 9, 2026, Petitioner Carlos Enrique Tojxitumul, a federal immigration detainee proceeding pro se, commenced this action with the filing of a petition for writ of habeas corpus in which he alleges that his continuing detention by Respondents at the Mesa Verde Detention Facility violates the Due Process Clause of the Fifth Amendment to the U.S. Constitution.  *See* (Doc. 1).

Previously, on March 23, 2026, in the related habeas corpus action Petitioner commenced in Case No. 1:26-cv-01060-JLT-CDB (*see* Doc. 8), the Court granted Petitioner the writ of habeas corpus and ordered Respondents to provide Petitioner with a substantive bond hearing.  (Case No. 1:26-cv-01060-JLT-CDB, Doc. 20).  In light of Petitioner's filing of a new petition here, the Court ordered Respondents to file a report addressing whether and when Petitioner received a bond hearing consistent with the Court's earlier order and the outcome of any such bond hearing.  (Doc. 10).

1

Respondents timely responded to the Court's order.  *See* (Doc. 11).  In their report, Respondents represent that on March 27, 2026, Petitioner and his counsel of record in the underlying immigration proceedings appeared for a custody redetermination hearing before an immigration judge.  (Doc 11-1, Declaration of Jonathan H. Yu, ¶ 4).  In support of that representation, Respondents attach to their report (1) the immigration court's notice of custody redetermination hearing (Doc. 11-2), and (2) an order of the immigration judge denying Petitioner's request for release (Doc. 11-3).  Neither document corroborates that a custody redetermination hearing actually was held or that either Petitioner or his counsel of record appeared at any such hearing.

**Discussion**

In the immigration court's order, immigration judge Katie Mullins acknowledges this Court's earlier order granting a petition for writ of habeas corpus requiring Respondents to provide for "a custody redetermination hearing pursuant to INA s. 236(a) [that] states that it is the Department which must 'demonstrate by clear and convincing evidence that [Respondent] is a flight risk or danger to the community.'" (Doc. 11-3 at 1).  However, the immigration judge states in her order that "as squarely held by the Ninth Circuit in Rodriguez Diaz, procedural due process does not, in fact, facially require a bond hearing at which the government bears the burden of proof by 'clear and convincing evidence.'" *Id.* at 1.  The immigration judge further stated that "given that the District Court TRO[1] requires an INA s. 236(a) bond hearing, relevant law and precedent make clear that it is Respondent who bears the burden to show that he is not a danger or a flight risk." *Id.*  In full, the immigration judge's order further states:

> Nonetheless, given the District Court's TRO, this Court does hereby require the Department in the present bond proceeding to show, by clear and convincing evidence, that Respondent is either a danger or a flight risk. This Court concludes that the Department has established both. Specifically, the Court concludes that the Department has established by clear and convincing evidence that Respondent is both a danger and such a significant flight risk that no amount or combination of release conditions can sufficiently mitigate that risk.
>
> Should Respondent appeal the Court's custody redetermination decision to the

[1] This Court did not issue a temporary restraining order.  *See* (Case No. 1:26-cv-01060-JLT-CDB, Doc. 17).

2

Board of Immigration Appeals (Board), this Court will provide a memorandum to facilitate review of Respondent's appeal. See Immigration Court Practice Manual, Chap. 9.3(e)(7).[2]

The immigration judge provides in her order no other facts, analysis, or reasons for her decision to deny Petitioner's request for custody redetermination. She does not identify any evidence upon which she relied, nor whether any evidence was proffered. As such, this Court is unable to determine whether the immigration judge's custody redetermination hearing complies with the Court's order or satisfies procedural due process requirements. *E.g.*, *Cinapian v. Holder*, 567 F.3d 1067, 1074 (9th Cir. 2009) ("The right to a fair hearing derives from the Due Process Clause of the Fifth Amendment, which applies in removal proceedings."); *Cano-Merida v. I.N.S.*, 311 F.3d 960, 965 (9th Cir. 2002) (holding petitioner was denied due process and prejudiced when the immigration judge denied him the opportunity to present oral testimony). Further, the immigration judge's apparent challenge to this Court's determination of the governing constitutional standard and the evidentiary burden applicable was beyond her authority and jurisdiction. *See Vargas v. U.S. Dep't of Immigration and Naturalization*, 831 F.2d 906, 908 (9th Cir. 1987) ("the BIA does not have jurisdiction to adjudicate constitutional issues.") (citations omitted); *Matter of R-A-V-P*, 27 I. & N. Dec. 803, 804 n.2 (BIA 2020) ("The respondent also argues that placing the burden of proof on the alien to establish that he merits release on bond is constitutionally deficient. However, we do not have the authority to entertain constitutional challenges to the statutes and regulations we administer.").

Accordingly, the Court will order Respondents to lodge with the undersigned the audio recording of the custody redetermination hearing. *See Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020) ("When a district court issues a conditional habeas writ, it retains jurisdiction to determine compliance.") (quotation and citations omitted); *see also Cahill v. Insider Inc.*, 131 F.4th 933, 938 (9th Cir. 2025) (reiterating that a district court "possesses inherent powers" that "include

---

[2] This appears to be an erroneous reference as the Manual does not contain a Chapter 9. However, Chapter 8.3(e)(7) provides, "Usually, the Immigration Judge's decision is rendered orally. If either party appeals, the Immigration Judge prepares a written decision based on notes from the hearing, however the record will not be transcribed." EOIR Policy Manual, Part II, Chapter 8.3, *available at* https://www.justice.gov/eoir/policy-manual-eoir/part-II/icpm/chapter-8-3 (last visited June 22, 2026).

3

the inherent authority of a court to enforce its orders by whatever means") (quotation and citation omitted). Further, the Court will order Respondents to not deport and to not transport Petitioner out of the Eastern District of California pending further proceedings and order of this Court. *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction"). Given the circumstances, the Court finds that this order is warranted to maintain the status quo pending further anticipated proceedings before this Court and any subsequent order and finds that Petitioner has satisfied the factors governing the issuance of such relief.

**Conclusion and Order**

For the reasons set forth above, it is HEREBY ORDERED that Respondents shall lodge with the undersigned's chambers (via email CBoren@caed.uscourts.gov) no later than June 29, 2026, a digital file containing the audio recording of Petitioner's custody redetermination hearing before an immigration judge on March 27, 2026.

And it is FURTHER ORDERED, unless and until the Court orders otherwise, that Respondents shall not remove Petitioner from the United States of America nor transfer Petitioner out of the Eastern District of California.

IT IS SO ORDERED.

Dated:   **June 22, 2026**                                              
_____
UNITED STATES MAGISTRATE JUDGE