UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ENRIQUE TOJXITUMUL, | Case No.  1:26-cv-04431-JLT-CDB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION AS DUPLICATIVE OF EARLIER-FILED ACTION |
| v. | |
| WARDEN OF THE MESA VERDE DETENTION FACILITY, *et al.*, | (Doc. 11) |
| Respondents. | **14-DAY DEADLINE** |

**Background**

On June 9, 2026, Petitioner Carlos Enrique Tojxitumul, a federal immigration detainee proceeding pro se, commenced this action with the filing of a petition for writ of habeas corpus in which he alleges that his continuing detention by Respondents at the Mesa Verde Detention Facility violates the Due Process Clause of the Fifth Amendment to the U.S. Constitution.  *See* (Doc. 1).

Previously, on March 23, 2026, in a related habeas corpus action commenced by Petitioner in this Court, the Court granted Petitioner the writ of habeas corpus and ordered Respondents to provide Petitioner with a substantive bond hearing.  *See* Case No. 1:26-cv-01060-JLT-CDB (Docs. 8, 20).  In light of Petitioner's filing of a new petition here, the Court ordered Respondents to file a report addressing whether and when Petitioner received a bond hearing consistent with the Court's earlier order granting the writ and the outcome of any such bond hearing.  (Doc. 10).

Respondents timely responded to the Court's order.  *See* (Doc. 11).  In their report,

1

Respondents represent that on March 27, 2026, Petitioner and his counsel of record in the underlying immigration proceedings appeared for a custody redetermination hearing before an immigration judge.  (Doc 11-1, Declaration of Jonathan H. Yu, ¶ 4).  In support of that representation, Respondents attach to their report (1) the immigration court's notice of custody redetermination hearing (Doc. 11-2), and (2) an order of the immigration judge denying Petitioner's request for release (Doc. 11-3).  In her order denying bond, immigration judge Katie Mullins (the "IJ") acknowledges this Court's earlier order granting a petition for writ of habeas corpus requiring Respondents to provide for "a custody redetermination hearing pursuant to INA s. 236(a) [that] states that it is the Department which must 'demonstrate by clear and convincing evidence that [Respondent] is a flight risk or danger to the community.'"  *Id.* at 1.  However, the IJ expressly withheld from her order any analysis or reasoning behind her ultimate conclusion that the government established at the bond hearing by clear and convincing evidence that Petitioner is both a danger and a flight risk, noting instead that, "[s]hould Respondent appeal the Court's custody redetermination decision to the Board of Immigration Appeals (Board), this Court will provide a memorandum to facilitate review of Respondent's appeal." *Id.* at 2.

Accordingly, because the Court was unable to determine from her order whether the IJ's custody redetermination hearing complied with the Court's order or satisfied procedural due process requirements, the Court ordered Respondents to lodge the audio recording of the custody redetermination hearing.  (Doc. 12 at 3-4) (citing *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020) and *Cahill v. Insider Inc.*, 131 F.4th 933, 938 (9th Cir. 2025)).  Respondents timely lodged the audio recording (Doc. 13) which the undersigned has reviewed.

**Discussion**

First, the undersigned is satisfied that the bond hearing afforded to Petitioner complied with the requirements of this Court's order granting the writ of habeas corpus.  Among other things, in finding by clear and convincing evidence that Petitioner's release would present an unacceptable risk of danger to the community, the IJ heard evidence of Petitioner's criminal history, including most recently his conviction for misdemeanor cruelty to a child and driving under the influence, all of which constituted violations of the conditions imposed upon Petitioner's earlier release from

custody by immigration authorities. The Court, in its earlier order granting the writ and ordering that Respondents provide for Petitioner's post-deprivation bond hearing, noted this same troubling criminal history. *See* (Doc. 13 at 2, 15).

Second, the undersigned finds that this action should be dismissed as duplicative of Petitioner's earlier filed action. "District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'" *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008) (citation omitted)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative-later filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Id.* (citing *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000) & *Walton v. Eaton Corp.*, 563 F.2d 66, 70-70 (3d Cir. 1977) (en banc), cited with approval by *Russ v. Standard Ins. Co.*, 120 F.3d 988, 990 (9th Cir. 1997)).

A party initiating an action generally has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams*, 497 F.3d at 688 (citations and quotations omitted). To determine whether a suit is duplicative, the Court borrows the test used for claim preclusion. *Id.* "[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." *Id.* (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 689 (citing *The Haytian Republic*, 154 U.S. at 124 ("There must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the ... essential basis, of the relief sought must be the same.") (internal quotation marks omitted)).

The undersigned finds that the filings in this case and Petitioner's earlier habeas case reflect

3

that the parties, facts, causes of action, and relief sought are the same. Thus, this action is duplicative of Petitioner's earlier habeas action. *See Adams*, 497 F.3d at 689. Indeed, the form petitions filed in both actions appear to be identical with the exception of certain information Petitioner has written-in to the form's blanks prompting the petition's author to insert details. Both form petitions seek identical relief. The only material fact that appears different in the two petitions is the length of time Petitioner has remained in the custody of immigration authorities at the moment he signed and filed the petitions.

Given that the Court already granted Petitioner the relief he sought in his first habeas corpus proceeding and the earlier-filed action has been concluded, Petitioner has no right to commence and maintain a duplicative, second action seeking the same relief for the same reasons. *Adams*, 497 F.3d at 688. Accordingly, the undersigned will recommend that this action be dismissed as duplicative and that Respondents be relieved of the Court's earlier order to not deport and to not transport Petitioner out of the Eastern District of California pending further proceedings and order of this Court. *See* (Doc. 12 at 4) (citing *F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966)).

**Conclusion and Recommendation**

For the reasons set forth above, it is HEREBY RECOMMENDED that the Court (1) dismiss this action as duplicative of Case No. 1:26-cv-01060-JLT-CDB, and (2) lift its order prohibiting Respondents from deporting or transporting Petitioner out of the Eastern District of California pending further proceedings and order of this Court.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed 15 pages without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)

IT IS SO ORDERED.

Dated:    **June 30, 2026**

_____
UNITED STATES MAGISTRATE JUDGE