**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLOS ENRIQUE TOJXITUMUL (A-Number: 201-950-168),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE MESA VERDE DETENTION FACILITY, *et al.*,<br><br>Respondents. | Case No. 1:26-cv-04431-JLT-CDB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION AS DUPLICATIVE OF EARLIER-FILED ACTION<br><br>(Doc. 14) |

On June 9, 2026, Carlos Enrique Tojxitumul, a federal immigration detainee proceeding pro se, commenced this action with the filing of a petition for writ of habeas corpus in which he alleges that his continuing detention by Respondents at the Mesa Verde Detention Facility violates the Due Process Clause of the Fifth Amendment to the U.S. Constitution. *See* (Doc. 1).

On March 23, 2026, in a related habeas corpus action commenced by Petitioner in this Court, the Court granted Petitioner the writ of habeas corpus and ordered Respondents to provide Petitioner with a substantive bond hearing. *See* Case No. 1:26-cv-01060-JLT-CDB (Docs. 8, 20). Considering Petitioner's filing of a new petition here, the Court ordered Respondents to file a report addressing whether and when Petitioner received a bond hearing consistent with the Court's earlier order granting the writ and the outcome of any such bond hearing. (Doc. 10.) Respondents timely responded to the Court's order, attaching the order of the immigration judge.

*See* (Doc. 11). Because the Court was unable to determine from the order of the immigration judge whether the custody redetermination hearing complied with the Court's order or satisfied procedural due process requirements, the Court ordered Respondents to lodge the audio recording of the custody redetermination hearing. (Doc. 12 at 3-4.) Respondents timely lodged the audio recording. (Doc. 13.)

On July 1, 2026, the assigned magistrate issued findings and recommendations to dismiss the petition as duplicative. (Doc. 14.) The magistrate judge found that the bond hearing provided to Petitioner complied with this Court's order granting the writ of habeas corpus, noting that the immigration judge heard evidence of Petitioner's criminal history during the hearing. (*Id.* at 2-3.) The magistrate judge determined the actions are duplicative given that the parties, facts, causes of action, and relief sought in the prior petition and the instant petition are the same, with the only difference being the length of time Petitioner has remained in custody. (*Id.* at 3-4.) The magistrate judge then recommended that the action be dismissed and that Respondents be relieved of the Court's earlier order to not deport and to not transport Petitioner out of the Eastern District of California pending further proceedings and order of this Court.

The Court served the findings and recommendations on the parties and notified them that that any objections were due within 14 days. (*Id.* at 4.) The Court advised the parties that failure to file objections may result in waiver of certain rights on appeal. *Id.* at 5 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)). No party filed objections and the time to do so has expired.[1]

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court performed a de novo review of this case. Having carefully reviewed the matter, the Court concludes that the findings and recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The findings and recommendations (Doc. 14) issued on July 1, 2026, are **ADOPTED** in full.

2. The petition for writ of habeas corpus is **DISMISSED** as duplicative of Case No.

---

[1] On July 17, 2026, Respondents filed a status report indicating that Petitioner is now subject to a final order of removal. Respondents did not include any objections to the findings and recommendations therein. *See* (Doc. 15).

1:26-cv-01060-JLT-CDB.

3. The Court lifts its order prohibiting Respondents from deporting or transporting Petitioner out of the Eastern District of California pending further proceedings and order of this Court.

4. The Clerk of the Court is directed to close this case.


IT IS SO ORDERED.

Dated:  _July 24, 2026_

_____
UNITED STATES DISTRICT JUDGE

3